```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------X
STEPHEN RANIERI, as Administrator of
the Estate of FLORENCE RANIERI,
Deceased,
                                          MEMORANDUM AND ORDER
                Plaintiff,
                                          22 Civ. 1030 (NRB)
          - against –

PROVIDENCE REST, INC. d/b/a
PROVIDENCE REST NURSING HOME AND
REHABILITATION CENTER,

                Defendant.
-------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On January 6, 2022, plaintiff Stephen Ranieri, in his capacity as administrator of the estate of his deceased mother, Florence Ranieri, filed suit in the New York State Supreme Court, Bronx County against defendant Providence Rest, Inc. ("Providence"), the owner and operator of a nursing home in the Bronx where Ms. Ranieri passed away after contracting COVID-19.  Compl., ECF No. 2-1.  In the complaint, plaintiff asserts state and common law claims for violations of New York's Public Health law, negligence, gross negligence, and wrongful death arising from defendant's alleged failure to take proper precautions to prevent and mitigate the spread of COVID-19 at its facility.  Id.  Specifically, plaintiff alleges, inter alia, that defendant "failed to isolate residents and properly sterilize and store equipment," "accept[ed] COVID-19

positive patients and residents," and generally failed to provide reasonable care under the circumstances.  Id.

Defendant removed the case to federal court on February 4, 2022, alleging three bases for removal.  First, defendant argued that plaintiff's claims arise under federal law because they are completely preempted by the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e.  See Notice of Removal, ECF No. 2.  Second, defendant argued that the complaint raises substantial issues of federal law that should be adjudicated by a federal court, per Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005).  Id.  Third, defendant asserted that removal is warranted under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), because Providence was acting at the direction of federal agencies when implementing its COVID-19 protocols.  Id.  On February 22, 2022, plaintiff moved to remand this action back to state court on the grounds that the parties are not diverse, the complaint alleges only state law claims, and none of defendant's proffered bases for removal are applicable.  Pl. Mem. of Law in Support of Mot. to Remand, ECF No. 11.  Defendant opposed the remand motion.

This Court is not the first to consider whether a federal court has jurisdiction to hear claims against a health care

facility arising from a patient's COVID-19-related death or illness. Since the onset of the COVID-19 pandemic, at least seven courts within the Second Circuit have addressed the precise questions facing this Court. The unanimous consensus is that removal in cases such as this one is improper and remand is required. See Rivera v. Eastchester Rehabilitation and Health Care LLC, No. 22 Civ. 02019 (CM), 2022 WL 2222979 (S.D.N.Y. June 21, 2022); Escobar v. Mercy Med. Ctr., No. 21 Civ. 02101 (JMA), 2022 WL 669366 (E.D.N.Y. Mar. 7, 2022), appeal filed (No. 22-613); Garcia v. New York City Health & Hosps. Corp., No. 20 Civ. 9970 (CM), 2021 WL 1317178 (S.D.N.Y. Apr. 8, 2021); Leroy v. Hume, 554 F. Supp. 3d 470 (E.D.N.Y. 2021), appeal filed (No. 21-2159); Rivera-Zayas v. Our Lady of Consolation Geriatric Care Ctr., No. 20 Civ. 5153 (NGG), 2021 WL 3549878 (E.D.N.Y. Aug. 11, 2021); Shapnik v. Hebrew Home for Aged at Riverdale, 535 F. Supp. 3d 301 (S.D.N.Y. 2021); Dupervil v. Alliance Health Operations, LCC, 516 F. Supp. 3d 238, 400 n.2 (E.D.N.Y. 2021), appeal filed (No. 21-505).[1] To date, every Circuit court and dozens of other district courts considering these questions have concurred. See, e.g.,

---

[1] In light of the number of pending appeals in these cases, our initial inclination was to await the Second Circuit's decision before rendering our own. However, given the passage of time, the fact that oral argument has not yet been scheduled in any of the appeals, and the uniformity of the district court decisions, we determined that we should address the pending motion.

Maglioli v. Alliance HC Holdings LLC, 16 F.4th 393 (3d Cir. 2021); Saldana v. Glenhaven Healthcare LLC, 27 F.4th 679 (9th Cir. 2022); Mitchell v. Advanced HCS, L.L.C., 28 F.4th 580 (5th Cir. 2022); Martin v. Petersen Health Operations, LLC, 37 F.4th 1210 (7th Cir. 2022).

Defendant has not articulated any persuasive reason for this Court to deviate from this overwhelming weight of authority, and we see no reason to do so. For the reasons thoroughly and thoughtfully explained in Shapnik and Dupervil, plaintiff's motion to remand is granted. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 9 and to remand this case to the Supreme Court of the State of New York, Bronx County.

**SO ORDERED.**

Dated:   New York, New York
         July 19, 2022

_____
      NAOMI REICE BUCHWALD
   UNITED STATES DISTRICT JUDGE